## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

STAR2STAR COMMUNICATIONS,
LLC,

      Plaintiff,

v.                                                                    Case No. 8:20-cv-2078-T-60JSS

AMG GROUP OF BRUNSWICK,
LLC,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION
## FOR JUDGMENT ON THE PLEADINGS

      This matter is before the Court on "Defendant's Motion for Judgment on the

Pleadings and Incorporated Memorandum of Law in Support," filed on September 28,

2020.  (Doc. 10).  Plaintiff filed its response in opposition on October 8, 2020.  (Doc. 13).

After reviewing the motion, response, court file, and record, the Court finds as follows:

## Background

      In 2018, Defendant AMG Group of Brunswick, LLC ("AMG Brunswick"),

previously known as AMG Peterbilt Group, LLC ("AMG Peterbilt"), [1] entered two

agreements ("Subscription Agreements") by which they agreed to purchase

telecommunications services from Plaintiff Star2Star Communications, LLC

("Star2Star").  On June 4, 2020, AMG Brunswick entered into two Assignment and

Assumption Agreements ("A&A Agreements") with Ohio Machinery Co. ("Ohio

Machinery") in which Ohio Machinery agreed to assume AMG Brunswick's

---

[1] While the Subscription Agreements and A&A Agreements were signed by AMG Peterbilt, this
Court refers to it by its new name, AMG Brunswick, in the interest of clarity.

responsibility to pay Star2Star for the telecommunications services provided under the Subscription Agreements.

On June 26, 2020, Star2Star filed suit in state court alleging AMG Brunswick failed to pay approximately $109,144.06 to Star2Star for telecommunications services rendered prior to the A&A Agreements becoming effective.  On September 3, 2020, AMG Brunswick removed the matter to this Court based on diversity jurisdiction.  On September 11, 2020, AMG Brunswick filed its answer, affirmative defenses, and counterclaims.  On September 24, 2020, Star2Star filed a motion to dismiss AMG Brunswick's counterclaims and affirmative defenses, which this Court granted in part and denied in part.  This Court now considers whether a judgment on the pleadings is warranted on the breach of contract claim brought by Star2Star.

### Legal Standard

"[A]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts."  *Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010).  A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is governed by the same standard as a motion to dismiss under Rule 12(b)(6).  *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018).  Accordingly, a court must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party.  *See Cunningham*, 592 F.3d at 1255.

## Analysis

AMG Brunswick argues that it is entitled to a judgment on the pleadings because Star2Star's breach of contract claim is barred under the doctrine of accord and satisfaction.  Specifically, AMG Brunswick contends that in signing the A&A Agreements, the parties intended for Ohio Machinery, not AMG Brunswick, to pay the $109,144.06 in telecommunications services allegedly due before the A&A Agreements went into effect.  In support of this argument, AMG Brunswick relies on an email exchange between its attorney and a corporate employee of Star2Star.  The emails were attached as an exhibit to the AMG Brunswick's Affirmative Defenses and Counterclaims but were not attached as exhibits to its complaint.

First, the Court finds that the motion is premature.  Fed. R. Civ. P. 12(c) explicitly states that motions for judgment on the pleadings may only be filed "after the pleadings are closed."  Pleadings, as defined in Fed. R. Civ. P. 7(a), include answers to counterclaims.  AMG Brunswick filed its motion for judgment on the pleadings on September 28, 2020, before Star2Star filed its answer to AMG Brunswick's counterclaims on October 9, 2020.  Defendant's motion for judgment on the pleadings is therefore due to be denied.  *See Lillian B. ex rel. Brown v. Gwinnett Cty. Sch. Dist.*, 631 F. App'x 851, 852 (11th Cir. 2015) ("The question presented in this appeal is whether a district court may grant a Rule 12(c) motion made before the pleadings are closed. The first five words of Rule 12(c) make clear that the answer is no.").

Even if the Court were to address the merits, it would deny relief.  Whether the parties intended to include these payments in the A&A Agreements appears to present a question of material fact, which is zealously contested between the parties.  *See R&R*

*Int'l, Inc. v. Manzen, LLC*, No. 09-60545-CIV-ZLOCH/ROSENBAUM, 2010 WL 11504727 at *15 (S.D. Fla. Sept. 12, 2010) (declining to grant summary judgment on accord and satisfaction because "differing views of the parties intent raise a genuine issue of material fact."); *Lubowicki v. Oxford Res. Corp.*, 697 So. 2d 924, 925 (Fla. 4th DCA 1997) ("[A]ccord and satisfaction is primarily a question of the parties' intention, which itself is a question of fact...."). As such, judgment on the pleadings is unwarranted. *See Cunningham*, 592 F.3d at 1255. When the record is more fully developed, AMG Brunswick is certainly free to file a motion for summary judgment addressing this issue.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant's Motion for Judgment on the Pleadings and Incorporated Memorandum of Law in Support" (Doc. 10) is **DENIED**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 4th day of November 2020.

**TOM BARBER**
**UNITED STATES DISTRICT**
**JUDGE**