UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STAR2STAR COMMUNICATIONS,
LLC,

     Plaintiff,

v.                                    Case No. 8:20-cv-2078-TPB-JSS

AMG GROUP OF BRUNSWICK,
LLC,

     Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on "Defendant's Motion for Summary Judgment" and Plaintiff's "Motion for Entry of Final Summary Judgment," both filed July 15, 2021. (Docs. 43; 45). Each party filed a response in opposition. (Docs. 49; 50). Upon review of the motions, responses, court file, and record, the Court finds as follows:

**Background**[1]

In 2018, Defendant AMG Group of Brunswick, LLC previously known as AMG Peterbilt Group, LLC,[2] entered two agreements ("Subscription Agreements") by which it agreed to purchase telecommunications services from Plaintiff

---

[1] The Court construes the facts and evidence in the light most favorable to the non-moving party for the purpose of ruling on the motion for summary judgment.

[2] While the Subscription Agreements and Assignment Agreements were signed by AMG Peterbilt Group, LLC, this Court refers to it by its new name, AMG Brunswick, in the interest of clarity.

Star2Star Communications, LLC. On June 4, 2020, Defendant entered into two Assignment and Assumption Agreements ("Assignment Agreements") with Ohio Machinery Co. in which Defendant assigned all of its right, title, and interest in the Subscription Agreements to Ohio Machinery, and Ohio Machinery agreed to assume Defendant's responsibility to pay Plaintiff for the telecommunications services provided under the Subscription Agreements starting on the effective date of those agreements. Plaintiff also executed the Assignment Agreements. Plaintiff alleges that Defendant has failed to pay amounts due after November 2019 and before the Assignment Agreements' effective date – totaling approximately $109,144.06.

On June 26, 2020, Plaintiff filed suit in state court, raising a single breach of contract claim (Count I). On September 3, 2020, Defendant removed the action to this Court based on diversity jurisdiction. On September 11, 2020, Defendant filed its answer and raised nineteen affirmative defenses and three counterclaims: accord and satisfaction (Count I), breach of contract (Count II), and unjust enrichment (Count III).

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

Where, the moving party will bear the burden of proof on an issue at trial, demonstrating the absence of a genuine issue of material fact requires the submission of credible evidence that, if not controverted at trial, would entitle the moving party to a directed verdict on that issue. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Only if the moving party meets that burden is the non-moving party required to produce evidence in opposition. *Chanel, Inc. v. Italian Activewear of Fla. Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991). Summary judgment should be denied unless, on the record evidence presented, a reasonable jury could not return a verdict for the non-moving party. *Id.*; *see also Fitzpatrick*, 2 F.3d at 1115-16.

The standard for cross-motions for summary judgment is not different from the standard applied when only one party moves for summary judgment. *Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005). The Court

must consider each motion separately, resolving all reasonable inferences against the party whose motion is under consideration. *Id.* "Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) (quoting *Bricklayers Int'l Union, Local 15 v. Stuart Plastering Co.*, 512 F.2d 1017 (5th Cir. 1975)).

Under Florida law, the construction and interpretation of an unambiguous written contract is a matter of law for the court and is therefore properly subject to disposition by summary judgment. *See Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290, 1297 (11th Cir. 2011) (holding that summary judgment was properly entered based on interpretation of an unambiguous written contract); *Ciklin Lubitz Martens & O'Connell v. Casey*, 199 So. 3d 309, 310 (Fla. 4th DCA 2016) (interpretation of unambiguous contract presents a question of law for the court); *Gulliver Schools, Inc. v. Snay,* 137 So. 3d 1045, 1046 n.1 (Fla. 3d DCA 2014) (same).[3]

---

[3] In the Florida state court system, a trial court's interpretation of a written contract is rarely the final word. Florida appellate courts apply *de novo* review to the undisputed facts and the applicable contractual language. *See Chandler v. Geico Indem. Co.,* 78 So. 3d 1293, 1296 (Fla. 2011). In practical terms, this means that many such cases are decided by the appellate courts. Federal courts follow a similar approach. *Dear v. Q Club Hotel,* 933 F.3d 1286, 1293 (11th Cir. 2019) ("The interpretation of a contract is a question of law we review *de novo*.").

## Analysis

### *Plaintiff's Breach of Contract Claim*

In its motion for summary judgment, Plaintiff moves for summary judgment on its breach of contract claim against Defendant. In this claim, Plaintiff alleges that Defendant breached the Subscription Agreements by failing to pay for telecommunication services. Under Florida law, "[t]he elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999). To prevail on a breach of contract claim, a plaintiff must also demonstrate that any asserted affirmative defenses are legally deficient or lack record support.

<u>Valid Contract</u>

To establish the existence of a valid contract, Plaintiff has submitted copies of the Subscription Agreements signed by Defendant. (Doc. 1-1). Through the Subscription Agreements, Defendant agreed to purchase telecommunication services from Plaintiff for a period of five years, from 2018 to 2023. Defendant does not contest the authenticity of these documents and admits in its answer that these are in fact the contracts entered into by the parties. (Doc. 4 at ¶ 7). As such, the Court finds that the Subscription Agreements constitute valid contracts between the parties.

<u>Material Breach</u>

Plaintiff argues that Defendant breached the two Subscription Agreements by failing to pay fees for services due before the Assignment Agreements became

effective. To establish a material breach, Plaintiff must prove that Defendant was obligated to pay money owed under the Subscription Agreements and failed to pay the amounts owed. In this case, Plaintiff has submitted uncontroverted evidence to establish a material breach of the Subscription Agreements based on Defendant's failure to pay. Defendant agreed to purchase telecommunication services from Plaintiff from 2018 to 2023. Defendant made its last payment in November 2019. (Docs. 45-1; 45-2 at pp. 20-21; 38). The failure to pay any amounts after November 2019 constitutes a material breach of the Subscription Agreements.

Defendant contends that it did not breach the Subscription Agreements because the obligation to pay fees was assumed by Ohio Machinery through the Assignment Agreements. However, the Assignment Agreements provide that Ohio Machinery would assume "all of the obligations, agreements, covenants, and undertakings of the [Defendant] under the [Subscription Agreement] … *from and after the Effective Date*." (Doc. 1-1 at 17) (emphasis added). The effective date of the Assignment Agreements was June 4, 2020. As a matter of law and based on the plain language of the Subscription Agreements and the Assignment Agreements, the Court finds that Plaintiff has established that Defendant materially breached the Subscription Agreements by failing to pay amounts due and owing between the date of the last payment and June 4, 2020.[4]

---

[4] Defendant attempts to argue that an email exchange between the parties and deposition testimony establishes that payments due before June 4, 2020, were encompassed by the Assignment Agreements and are therefore owed by Ohio Machinery instead of Defendant. However, the language of the Agreements at issue and the e-mails do not support this position.

Damages

Plaintiff has presented evidence – through invoices and a declaration from its corporate representative – that $109,144.06 remains due under the Subscription Agreements. *See* (Docs. 1-1; 45-1). Defendant has not presented contrary evidence, and its corporate representative has admitted that these payments have not been made. *See* (Docs. 45-2 at pp. 20-21; 38). Consequently, the Court finds that Plaintiff has established damages in the amount of $109,144.06.

Affirmative Defenses

In its answer, Defendant raises nineteen affirmative defenses.[5] Plaintiff has addressed each of these affirmative defenses and has explained why each are inapplicable or lack record support. Therefore, to defeat summary judgement, Defendant must support its affirmative defenses with sufficient evidence to create a material issue of fact for trial. *See Harvey v. Lake Buena Vista*, 568 F. Supp. 2d 1354, 1361-62 (M.D. Fla. 2008) (citation omitted) ("The mere assertion of an affirmative defense on which [Defendant] has the burden, without supporting evidence, is insufficient to withstand a motion for summary judgment."). Nearly all

---

[5] The affirmative defenses asserted by Defendant are: (1) failure to state a claim; (2) damages are not attributable to Defendant; (3) failure to mitigate damages; (4) laches and/or statute of limitations; (5) accord and satisfaction; (6) novation; (7) unjust enrichment; (8) full performance; (9) full satisfaction; (10) compliance with all duties imposed by law and industry standards; (11) waiver; (12) claims lack legal and factual support and are brought in bad faith; (13) damages not recoverable by law; (14) speculative damages; (15) unclean hands; (16) statutory set-off; (17) failure to join all necessary parties; (18) reservation to amend affirmative defenses; and (19) a general denial of all allegations not answered in affirmative.

of the defenses are unsupported and/or serve as mere denials to the breach of contract claim. These do not warrant further discussion.

The only defense on which Defendant offers any legal argument is accord and satisfaction. Under Florida law, this defense requires proof of two elements: "[f]irst, that the parties mutually intended to settle an existing dispute by entering into a superseding agreement; and, second, that there was actual performance with satisfaction of the new agreement discharging [the] prior obligation." *United States v. Morrison*, 28 So. 3d 94, 101 (Fla. 1st DCA 2009); *see also Brody Irrevocable Grantor Trust No. 2 v. Brody*, No. 2D20-215, 2021 WL 2171758, at *3 (Fla. 2d DCA May 28, 2021) (explaining that to reach an accord, "there must be a superseding agreement to accept reduced payment in complete settlement of a dispute—a dispute that already existed at the time of the tender"). Here, there is no evidence that Defendant tendered any amount to resolve a pre-existing dispute between the parties. Therefore, Defendant cannot sustain an accord and satisfaction defense.

***Defendant's Breach of Contract Counterclaim (Count II)***

In its motion for summary judgment, Defendant claims that, based on the undisputed facts, it is entitled to judgment on its breach of contract counterclaim related to the Assignment Agreements. In this counterclaim, Defendant alleges Plaintiff breached the Assignment Agreements by demanding Defendant make payments under the Subscription Agreements even though Ohio Machinery assumed Defendant's payment obligations.

Plaintiff also seeks summary judgment on this counterclaim, arguing that its only involvement in the Assignment Agreements was consenting to the assignments. Plaintiff further argues that no provision in the Assignment Agreements prohibits demanding payments or the filing of the instant lawsuit, so Defendant cannot establish any breach of the Assignment Agreements by Plaintiff.

<u>Valid Contract</u>

Defendant submitted copies of the Assignment Agreements signed by Plaintiff. (Doc. 4-1). Plaintiff does not contest the authenticity of these documents or the validity of these agreements. As such, the Court finds that there is sufficient evidence to establish the existence of a valid contract.

<u>Material Breach</u>

Defendant contends that Plaintiff breached the Assignment Agreements by demanding payments even though Ohio Machinery had assumed Defendant's obligation to make these payments. However, as discussed previously, the Assignment Agreements – and Ohio Machinery's obligation to make payments – only became effective on June 4, 2020. Therefore, Plaintiff's demand for payment of amounts owed before June 4, 2020, did not breach the Assignment Agreements. Defendant also fails to point to any provision of the Assignment Agreements that prohibits Plaintiff's demands – including this lawsuit. Because Defendant cannot establish breach as a matter of law, judgment will be entered against Defendant, and in favor of Plaintiff, on this counterclaim.

*Defendant's Unjust Enrichment Counterclaim (Count III)*

Defendant seeks summary judgment on its unjust enrichment counterclaim. Specifically, Defendant alleges that by executing the Assignment Agreements and receiving payments from Ohio Machinery, Plaintiff was unjustly enriched. Plaintiff also seeks summary judgment on this claim, arguing that Defendant is not entitled to relief because it cannot establish any benefits conferred or any inequity that would result from the execution of the Assignment Agreements and retention of the payments.

To prevail on an unjust enrichment claim under Florida law, a plaintiff must establish: (1) that it provided a benefit to the defendant; (2) that the defendant had knowledge of the benefit; (3) that the defendant accepted the benefit; and (4) that under the circumstances, it would be inequitable for the defendant to retain the benefit without paying adequate value for it. *RxStrategies, Inc. v. CVS Pharmacy, Inc.*, 390 F. Supp. 3d 1341, 1355 (M.D. Fla. 2019) (quoting *Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012)).

Here, Defendant appears to identify as the benefits conferred the execution of the Assignment Agreements and the amounts received by Plaintiff from Ohio Machinery under the Assignment Agreements. However, Plaintiff was contractually entitled to these payments and is not unjustly enriched by receiving them. *See Senter v. JP Morgan Chase Bank, N.A.*, 810 F. Supp. 2d 1339, 1365-66 (S.D. Fla. 2011) (dismissing unjust enrichment claim because the plaintiff was previously legally obligated to confer the benefit at issue). Defendant has also failed

to explain how it would be inequitable for Plaintiff to retain these benefits without paying adequate value for them.

Moreover, unjust enrichment is unavailable in Florida where a valid, binding, and enforceable contract exists. *Kovtan v. Frederiksen*, 449 So. 2d 1, 1 (Fla. 2d DCA 1984) ("It is well settled that the law will not imply a contract where an express contract exists concerning the same subject matter."); *In re Estate of Lonstein*, 433 So. 2d 672, 674 (Fla. 4th DCA 1983) (same). As both parties agree that the Subscription Agreements and the Assignment Agreements are valid contracts, unjust enrichment is inappropriate here. Because Defendant cannot establish a claim for unjust enrichment as a matter of law, judgment will be entered on this counterclaim against Defendant and in favor of Plaintiff.

## Conclusion

After a thorough review of the record, and based on the undisputed facts, the Court finds that Plaintiff is entitled to summary judgment on its breach of contract claim. The Court further finds that Plaintiff is entitled to summary judgment on Defendant's counterclaims.[6]

Accordingly, it is **ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Defendant's Motion for Summary Judgment" (Doc. 43) is hereby **DENIED**.

(2) Plaintiff's "Motion for Entry of Final Summary Judgment" (Doc. 45) is hereby **GRANTED.**

---

[6] The Court notes that it previously dismissed Defendant's counterclaim for accord and satisfaction (Count I) after concluding that accord and satisfaction not a recognized independent cause of action. *See* (Doc. 18).

(3) The Clerk is directed to enter in favor of Plaintiff Star2Star Communications, LLC, and against Defendant AMG Group of Brunswick, LLC, on Count I of the complaint, in the amount of $109,144.06. The Clerk is further directed to enter judgment in favor of Plaintiff Star2Star Communications, LLC, and against Defendant AMG Group of Brunswick, LLC, on Counts II and III of Defendant's counterclaim.

(4) Following the entry of judgment, the Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>28th</u> day of September, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**