UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STAR2STAR COMMUNICATIONS,
LLC,

    Plaintiff,

v.                                                                Case No: 8:20-cv-2078-TPB-JSS

AMG GROUP OF BRUNSWICK,
LLC,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Compel Defendant to Complete Fla. R. Civ. P. Form 1.977 ("Motion") (Dkt. 60) and Defendant's Response in Opposition to the Motion (Dkt. 67). Upon consideration and for the reasons that follow, the Motion is granted.

## BACKGROUND

On September 28, 2021, this Court entered final judgment in favor of Plaintiff and against Defendant in the amount of $109,144.06. (Dkt. 58.) Plaintiff states that Defendant has not satisfied the judgment. (Dkt. 60 at 1.) As such, Plaintiff seeks to pursue its remedies under Florida law to collect on the judgment, including identification of Defendant's assets subject to execution. Plaintiff asks the Court to compel Defendant to complete Florida Rules of Civil Procedure Form 1.977 to aid

Plaintiff in collection on the judgment. A copy of the form is attached to the Motion. (Dkt. 60-1.)

Defendant appealed from the judgment. (Dkt. 63.) Defendant has not moved to stay execution of the judgment pending appeal. In opposition to the Motion, Defendant notes that it does "not oppose post-judgment discovery under Rule 69, but it requests that the deadline for responding to any discovery be extended to ninety (90) days." (Dkt. 67.) In support of its request, Defendant states that it sold its assets in 2019 and that the information requested is not readily available to Defendant. (*Id.*)

## APPLICABLE STANDARDS

"Absent a stay on some ground, [parties] are free to seek execution of the judgment, pursuant to Fed. R. Civ. P. 69." *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002). Judgment enforcement must accord with the procedure of the state where the court is located. Fed. R. Civ. P. 69(a)(1).

In Florida, a person who has recovered a judgment in any court against any person or entity "may obtain discovery from any person, including the judgment debtor." Fla. R. Civ. P. 1.560(a). Additionally, a judgment creditor may obtain an order from the Court directing the judgment debtor to "complete form 1.977, including all required attachments, within 45 days of the order or such other reasonable time as determined by the court." Fla. R. Civ. P. 1.560(b).

## ANALYSIS

As Plaintiff has obtained a judgment against Defendant, Plaintiff has a right to obtain discovery to aid in execution. Further, Plaintiff is entitled to an order directing Defendant, as a judgment debtor, to complete Form 1.977. Fla. R. Civ. P. 1.560(b). Defendant has not moved for a stay of execution on the judgment pending appeal or offered any reason to conclude Defendant is exempt from post-judgment collection procedures. As such, "there is no basis for prohibiting the Plaintiff conducting discovery in aid of execution." *Rodriguez v. Super Shine & Detailing, Inc.*, No. 09-23051-civ, 2013 WL 4786596, at *4 (S.D. Fla. Sept. 6, 2013). In light of Defendant's opposition and the difficulty in obtaining the necessary information to complete the form, the Court determines, in its discretion, that it is reasonable to grant Defendant additional time to complete the form. Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Compel (Dkt. 60) is **GRANTED**.

2. Defendant shall complete the Form 1.977 attached to Plaintiff's Motion (Dkt. 60-1) within **sixty (60) days** of the date of this order.

3. Failure to comply with this order "may be considered contempt of court." Fla. R. Civ. P. 1.560(d).

**DONE** and **ORDERED** in Tampa, Florida, on November 15, 2021.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record