UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STAR2STAR COMMUNICATIONS, LLC,

    Plaintiff,

v.   Case No: 8:20-cv-2078-TPB-JSS

AMG GROUP OF BRUNSWICK, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff filed its Renewed Motion for Attorney Fees and Costs seeking entitlement to attorneys' fees and a judgment of costs in the amount of $1,082.05. (Motion, Dkt. 78.) Defendant opposes the Motion. (Dkt. 82.) For the reasons that follow, the court recommends that the Motion be **GRANTED** in part and **DENIED** in part.

## BACKGROUND

Plaintiff initially brought this action in state court, alleging that Defendant breached two agreements for the purchase of telecommunications services from Plaintiff (Subscription Agreements). (Dkt. 1-1.) In the complaint, Plaintiff alleged Defendant failed to pay a total of $109,144.06 that was due under the Subscription Agreements. (*Id.* ¶ 15.) After Defendant removed the action to this court, Defendant

answered the complaint, raised affirmative defenses, and asserted counterclaims against Plaintiff on September 11, 2020. (Dkt. 4.)

On September 28, 2021, the court granted Plaintiff's motion for summary judgment on its breach of contract claim and denied Defendant's motion for summary judgment on its counterclaims. (Dkt. 57.) Judgment was entered in Plaintiff's favor in the amount of $109,144.06. (Dkt. 58.)

On October 8, 2021, Plaintiff moved for attorneys' fees and costs. (Dkt. 59.) On October 22, 2021, Defendant appealed the court's order awarding summary judgment to Plaintiff. (Dkt. 63.) The court deferred ruling on Plaintiff's motion for attorneys' fees and costs while the appeal was pending, and directed Plaintiff to refile its motion, if appropriate, within 14 days of the Eleventh Circuit issuing its mandate in the appeal. (Dkt. 65.) On April 20, 2022, the Eleventh Circuit affirmed the court's order (Dkt. 76), and on May 18, 2022, issued its mandate. (Dkt. 77).

On May 23, 2022, Plaintiff filed the instant Motion and renewed its request for attorneys' fees and costs. (Dkt. 78.) On order from the court, Plaintiff supplemented the Motion to include the contracts upon which Plaintiff based its entitlement to fees and costs. (Dkts. 79, 81.) Specifically, Plaintiff provided the court with the Terms and Conditions that were incorporated by reference into the Subscription Agreements executed between the parties. (Dkt. 81-1, Exhibit A); *see also* (Dkt. 1-1 (incorporating Terms and Conditions into Subscription Agreements).) With the supplement, Plaintiff also filed a declaration from Attorney Joshua Roberts averring that the Terms and

Conditions submitted to the court were those in effect at the time the Subscription Agreements were executed. (Dkt. 81-1.)

Defendant filed an opposition (Dkt. 82), and Plaintiff filed a reply in further support of the Motion. (Dkt. 84.)

## ANALYSIS

**1. Entitlement to Attorneys' Fees**

Middle District of Florida Local Rule 7.01 provides for a bifurcated procedure with respect to awarding post-judgment attorney's fees and expenses. Local Rule 7.01(b) requires that a party claiming fees and expenses must request a determination of entitlement within 14 days after entry of judgment. The party's motion must specify the judgment and authority entitling the movant to the award, state or provide a fair estimate of the amount sought, and include a memorandum of law. M.D. Fla. Local R. 7.01(b)(1)–(3). Federal Rule of Civil Procedure 54 provides for similar requirements for a motion for attorney's fees. Fed. R. Civ. P. 54(d)(2).

Additionally, "Florida conforms to the 'American Rule' under which attorneys' fees are awarded only when permitted by statute or contract." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1329 (11th Cir. 1998).[1] An

---

[1] A court sitting in diversity must apply the substantive law of the state in which it sits. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 80 (1938). "Florida enforces choice-of-law provisions unless the law of the chosen forum contravenes strong public policy." *Russo v. Fifth Third Bank*, 634 F. App'x 774, 776 (11th Cir. 2015) (quoting *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So. 2d 306, 311 (Fla. 2000)). Here, the Subscription Agreements provide that Florida law governs the agreement between the parties. (Dkt. 1-1.) Thus, Florida law governs the court's analysis.

enforceable contractual provision to provide for attorneys' fees must "unambiguously state that intention and clearly identify the matter in which the attorney's fees are recoverable." *Sholkoff v. Boca Raton Comm. Hosp., Inc.*, 693 So. 2d 1114, 1118 (Fla. 4th DCA 1997). Therefore, the court must strictly construe the contractual language in the provision for attorneys' fees. *Succar Succar v. Safra Nat'l Bank of New York*, 237 F. App'x 526, 528 (11th Cir. 2007).

Upon review, the court finds that Plaintiff's Motion and supplement comply with Local Rule 7.01 and the unambiguous provisions of the Terms and Conditions entitle Plaintiff to an award of attorneys' fees. The two Subscription Agreements at issue in this case incorporate by reference the Terms and Conditions and provide a website where the Terms and Conditions can be accessed. *See* (Dkt. 1.1 at Exhibit A, Exhibit B.) [2] The Terms and Conditions, in turn, provide that Defendant, as the subscriber to Plaintiff's services:

> agree[s] to reimburse [Plaintiff] for reasonable attorneys' fees and any other costs associated with collecting delinquent or dishonored payments. If charges cannot be processed through your credit card, we will charge you an additional $25.00. If the state law where you receive the service requires a different fee, we will charge you that amount.

(Dkt. 81-1 at 21.)

Here, Plaintiff brought this action to collect delinquent payments from Defendant that were due under the Subscription Agreements (Dkt. 1-1). The

---

[2] In granting summary judgment for Plaintiff, the court found that Defendant did not contest the authenticity of the Subscription Agreements and admitted in its answer that these were in fact the contracts entered into by the parties. (Dkt. 57 at 5 (citing Dkt. 4 at ¶ 7).) Defendant similarly does not contest the validity of the Terms and Conditions that were submitted with Plaintiff's supplement to its Motion (Dkt. 81-1). (Dkt. 82.)

Subscription Agreements, including the Terms and Conditions incorporated by reference therein, thus plainly and unambiguously provide that Defendant agreed to reimburse Plaintiff for reasonable attorneys' fees and costs associated with this action. (Dkt. 81-1 at 21.)

Defendant argues that Plaintiff's Motion should be denied because Plaintiff failed to produce the Terms and Conditions during discovery as part of its initial disclosures or interrogatory responses. (Dkt. 82 at 2–5.) However, Defendant cites no authority to support this argument and has not argued that the Terms and Conditions are invalid or that it is not bound by the unambiguous language contained in that agreement. Defendant also argues that Plaintiff's Motion fails to comply with Federal Rule of Civil Procedure 54 and Middle District of Florida Local Rule 7.01 because it failed to provide a "fair estimate of the amount sought" and only referenced a paragraph from the Terms and Conditions. (*Id.* at 5–6.) However, Plaintiff did provide a reasonable estimate of the amount *sought*, specifically $117,765.00. (Dkt. 78 at 4.) Whether that estimate is too high is not presently before the court. *See* M.D. Fla. Local R. 7.01(a) (creating a bifurcated procedure for post-judgment attorney's fees and costs). Further, Plaintiff complied with the court's order and supplemented its Motion with the Terms and Conditions for the court's review. (Dkts. 79, 81.)

Accordingly, the undersigned recommends that Plaintiff is entitled to attorneys' fees pursuant to the Subscription Agreements and the incorporated Terms and Conditions. *Sunbelt Rentals, Inc. v. Masonry & Constr. Servs., Inc.*, No. 8:20-cv-1539-T-60AAS, 2020 WL 8461567, at *3 (M.D. Fla. Dec. 17, 2020), *report and recommendation*

*adopted*, No. 8:20-cv-1539-T-60AAS, 2021 WL 222778 (M.D. Fla. Jan. 22, 2021) ("Under Florida law, attorney's fee provisions in contracts are enforceable.").

### 2. Request for Costs

Plaintiff also seeks a judgment for taxable costs of $424.35 for the clerk filing fee, and $657.70 for the deposition transcript of Defendant's corporate representative. (Dkt. 78 at 3.)  However, Plaintiff has failed to file a bill of costs with the court or supporting documentation, if appropriate.  *See* 28 U.S.C. § 1920 ("[a] bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."); 28 U.S.C. § 1924 ("[b]efore any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit . . . that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.")  Furthermore, Federal Rule of Civil Procedure 54(d) provides that the "clerk may tax costs of 14 days' notice" and "the court may review the clerk's action" after a "motion served within the next 7 days." Fed. R. Civ. P. 54(d)(1).

While Defendant has not challenged Plaintiff's request for costs, the burden is on Plaintiff to submit "a request that enables [the] court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses." *TMH Med. Servs., LLC v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. 6:17-cv-920-Orl-37DCI, 2020 WL 5984040, at *2 (M.D. Fla. Sept. 22, 2020) (citing *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994)).  "Failure to provide sufficient detail or supporting documentation verifying the costs incurred and the

services rendered can be grounds for denial of costs." *Id.* (citing *Pelc v. Nowak*, No. 8:11-cv-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013); *see also Doe v. Rollins Coll.*, No. 6:18-cv-1069-RBD-LRH, 2021 WL 3230424, at *2 (M.D. Fla. July 13, 2021), *report and recommendation adopted*, No. 6:18-cv-1069-RBD-LRH, 2021 WL 3209564 (M.D. Fla. July 29, 2021).

The court finds that Plaintiff has failed to provide sufficient detail or supporting documentation to verify its purported costs, including by failing to file a bill of costs pursuant to 28 U.S.C. § 1920. However, Plaintiff complied with the court's instruction to file the instant Motion within 14 days of the Eleventh Circuit's mandate in this case (Dkt. 65), and appears to have otherwise complied in good faith with Middle District of Florida Local Rule 7.01. Further, Defendant has not raised any challenge to Plaintiff's request for costs and allowing Plaintiff to file the necessary documentation would not prejudice Defendant. Accordingly, the undersigned recommends that Plaintiff be permitted to file a bill of costs and supporting documentation, if appropriate, in accordance with the court's directive. *See Smith v. R.J. Reynolds Tobacco Co.*, 369 F. Supp. 3d 1269, 1273 (M.D. Fla. 2019) (collecting cases to conclude that a prevailing party may amend its proposed bill of costs after expiration of the original time to file to correct a technical deficiency).

Accordingly, it is **RECOMMENDED** that:

1. Plaintiff's Renewed Motion for Attorney Fees and Costs (Dkt. 78) be **GRANTED** in part and **DENIED** in part;

2. Plaintiff be directed to submit a supplemental motion on amount of attorneys' fees and expenses in accordance with Middle District of Florida Local Rule 7.01(c); and

3. Plaintiff's request for costs be denied without prejudice and Plaintiff be directed to file a bill of costs and supporting documentation, if appropriate, in accordance with 28 U.S.C. §§ 1920, 1924 and Federal Rule of Civil Procedure 54(d).

**IT IS SO REPORTED** in Tampa, Florida, on August 5, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record