UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STAR2STAR COMMUNICATIONS, LLC,

    Plaintiff,

v.                                                                       Case No: 8:20-cv-2078-TPB-JSS

AMG GROUP OF BRUNSWICK, LLC,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff moves for an order determining the amount of and awarding attorneys' fees and costs against Defendant. (Motion, Dkt. 92.) For the reasons that follow, the undersigned recommends that the Motion be granted.

## **BACKGROUND**

Plaintiff initially brought this action in state court, alleging that Defendant breached two agreements for the purchase of telecommunications services from Plaintiff (Subscription Agreements). (Dkt. 1-1.) Plaintiff alleged that Defendant failed to pay a total of $109,144.06 that was due under the Subscription Agreements. (*Id.* ¶ 15.) After Defendant removed the action to this court, Defendant answered the complaint and asserted counterclaims against Plaintiff. (Dkt. 4.) Following discovery, the court granted Plaintiff's motion for summary judgment and denied Defendant's

motion for summary judgment on its counterclaims. (Dkt. 57.) Judgment was entered in Plaintiff's favor in the amount of $109,144.06. (Dkt. 58.)

On August 25, 2022, the court granted Plaintiff's Renewed Motion for Attorney Fees and Costs (Dkt. 78) and found that Plaintiff was entitled to attorneys' fees pursuant to the Subscription Agreements and their incorporated Terms and Conditions. (Dkt. 91.) The court directed Plaintiff to file a supplemental motion for the amount of attorneys' fees in accordance with the requirements of Middle District of Florida Local Rule 7.01(c). (*Id.*) Pursuant to the court's order, Plaintiff also submitted a proposed bill of costs to the court. (Dkt. 88.)

With the instant Motion, Plaintiff seeks an award of $117,145.00 in attorneys' fees and $1,082.05 in costs. (Dkt. 92.) The court ordered Defendant to file a response in opposition to Plaintiff's Motion, if warranted, on or before October 31, 2022. (Dkt. 93.) Defendant failed to timely file a response and the court therefore deems the Motion unopposed pursuant to Middle District of Florida Local Rule 3.01(c).

**APPLICABLE STANDARDS**

In determining an attorneys' fees award, courts apply the following three-step process: (1) determine whether the party is entitled to recover attorneys' fees and costs; (2) determine the lodestar amount, which is calculated by multiplying the number of hours reasonably expended in litigating the claim by the reasonable hourly rate; and (3) adjust the lodestar, if necessary, to account for the results obtained by the prevailing party. *Atlanta J. & Const. v. City of Atlanta Dep't of Aviation*, 442 F.3d 1283, 1289 (11th Cir. 2006).

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Generally, the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed. *Am. Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Georgia Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994)).

The party applying for fees bears the burden of establishing the reasonableness of the proffered rate with direct evidence of rates charged under similar circumstances or with opinion evidence. *Norman*, 836 F.2d at 1299. In addition, the court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services. *Id.* at 1303–04. In calculating the hours reasonably expended on litigation, the court should exclude excessive, unnecessary, and redundant hours and any time spent litigating discrete and unsuccessful claims. *Id.* at 1301–02.

After the lodestar is determined, a court must decide whether an adjustment to the lodestar is necessary based on the results obtained. *Id.* at 1302. As such, a court may adjust the lodestar based on whether the results obtained were exceptional, excellent, or of partial or limited success, thereby compensating for all hours reasonably expended for excellent results or reducing the amount for partial or limited success. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434–36 (1983)).

## ANALYSIS

1. **Attorneys' Fees**

   a. **Reasonable Hourly Rate**

Plaintiff seeks hourly rates of $450.00 for Attorney Daniel Guarnieri, $275.00 for Attorney Conrado Gomez, and $125.00 for a paralegal. Plaintiff bears the burden of establishing that the requested hourly rates are the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Renniger v. Phillips & Cohn Assocs., Ltd.*, No. 8:10-cv-5-T-33EAJ, 2010 WL 3259417, at *2 (M.D. Fla. Aug. 18, 2020) (citing *Norman*, 836 F.2d at 1303). To satisfy this burden, Plaintiff submits the declaration of Attorney Guarnieri, who describes the experience and credentials of counsel and states that in his experience and opinion, the requested rates are "reasonable hourly rate[s] to charge in the Tampa Bay market for a commercial litigation matter" for attorneys of similar experience levels. (Dkt. 92-1.) Attorney Guarnieri has over 18 years of experience, including 16 years practicing as a litigation attorney, during which time he has routinely handled commercial contract disputes and commercial collection matters. (*Id.* at 1–2.) Attorney Gomez was admitted to practice in 2018, and upon review of the billing records appears to have had between two and a half and four years of experience while working on this matter. (*Id.*) Defendant is deemed to have no objection to the requested rates pursuant to Local Rule 3.01(c).

Initially, the undersigned notes that the evidence Plaintiff relies on to establish the reasonableness of the requested hourly rates is insufficient. For instance, Plaintiff relies solely on its counsel's declaration, which, standing alone, is not satisfactory evidence of the prevailing hourly rates in this District. *See Norman*, 836 F.2d at 1299 ("Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work.") (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). Additionally, neither Attorney Guarnieri's declaration nor the Motion identify or provide information regarding the paralegal for whom Plaintiff is seeking an hourly rate of $125.00. *See* (Dkts. 92, 92-1.) Plaintiff has also not provided the court with any evidence of similar rates being charged and approved in matters of similar complexity.

However, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees[.]" *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)); *see also id.* ("Where documentation is inadequate, the district court is not relieved of its obligation to award a reasonable fee, but the district court traditionally has had the power to make such an award without the need of further pleadings or an evidentiary hearing.") (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Further, Defendant has not objected to the hourly rates sought by Plaintiff. *See Alfiniti, Inc. v. Prime Glob. Grp., Inc*, No. 6:17-cv-1382-LRH, 2021 WL 2430904, at *4 (M.D. Fla. Mar. 4, 2021) (applying court's expertise to find hourly rates reasonable despite insufficient supporting evidence where defendant did not object to requested rates).

Therefore, upon consideration of the submitted time records, expertise of the court, and the absence of any objection from Defendant, the undersigned recommends that the requested rates for Plaintiff's attorneys and support staff are reasonable. These rates are consistent with the prevailing market rates for similar legal services in a case of this complexity. *See, e.g.*, *Bendik v. USAA Cas. Ins. Co.*, No. 6:19-cv-118-ORL-41-EJK, 2021 WL 7448026, at *3 (M.D. Fla. June 3, 2021) (collecting cases and finding hourly rates of $425 and $450 reasonable in breach of contract action), *report and recommendation adopted,* No. 6:19-cv-118-CEM-EJK, 2021 WL 7448028 (M.D. Fla. June 24, 2021); *Premier Trailer Leasing, Inc. v. DM World Transportation, LLC*, No. 8:19-cv-2558-T-60AAS, 2020 WL 8181665, at *4 (M.D. Fla. Dec. 31, 2020) (noting court's previous approval of hourly rate between $250-$275 for commercial litigator with 3 years of experience), *report and recommendation adopted,* No. 8:19-cv-2558-T-60AAS, 2021 WL 146882 (M.D. Fla. Jan. 15, 2021); *Fed. Trade Comm'n v. Life Mgmt. Servs. of Orange Cnty., LLC*, No. 6:16-cv-982-ORL-41TBS, 2017 WL 2869535, at *3 (M.D. Fla. June 12, 2017), *report and recommendation adopted,* No. 6:16-cv-982-ORL41TBS, 2017 WL 4877460 (M.D. Fla. Oct. 30, 2017) (finding hourly rate of $125 reasonable for paralegal's work).[1]

---

[1] Although Plaintiff has not provided any information regarding the experience of the unidentified paralegal, the court relies on its own expertise and the lack of objection from Defendant in determining that an hourly rate of $125 is at or below a reasonable hourly rate for paralegal work. *See, e.g.*, *Sunbelt Rentals, Inc. v. Brevard Renaissance Fair, Inc.*, No. 6:21-cv-789-RBD-EJK, 2022 WL 3646093, at *2 (M.D. Fla. Mar. 2, 2022), *report and recommendation adopted,* No. 6:21-cv-789-RBD-EJK, 2022 WL 3646172 (M.D. Fla. Mar. 22, 2022) (finding $150 hourly rate reasonable for paralegal work despite motion failing to provide support for requested rate).

b. **Hours Reasonably Expended**

The court next considers the hours expended on the litigation by Plaintiff's legal counsel. In reviewing the hours reasonably expended by counsel, the court should "exclude excessive, unnecessary and redundant hours, and also time spent litigating discrete and unsuccessful claims." *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1332 (M.D. Fla. 2002). While a movant bears the burden to provide evidence in support of its fee request, "[t]hose opposing fee applications have obligations, too." *Am. Civil Liberties Union of Georgia*, 168 F.3d at 428. "In order for courts to carry out their duties in this area, 'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" *Id.* (quoting *Norman*, 836 F.2d at 1301). Accordingly, a fee opponent's failure to lodge specific objections to an attorneys' fee request is generally viewed as fatal. *See Scelta*, 203 F. Supp. 2d at 1333; *see also Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997).

As noted, Defendant has failed to respond to the Motion, and the Motion is deemed unopposed pursuant to Local Rule 3.01(c). Plaintiff seeks an award of fees for 279.4 hours of billable work. (Dkt. 92.) In support of the requested hours, Plaintiff submits Attorney Guarnieri's declaration as well as billing records which detail time entries that Plaintiff claims are "reasonable and necessary for this action." (*Id.* at 3; Dkt. 92-1.)[2] Plaintiff seeks to recover for billable hours dating from September 2020,

---

[2] The billing records identify timekeepers only by a designated number, rather than by name. *See* (Dkt. 92-1.) However, upon review of the records, the undersigned presumes that timekeeper "10" refers to

when this action was removed to this court, to October 2022, the filing of the instant Motion. (Dkt. 92-1.) This includes work by counsel in responding to Defendant's counterclaims, conducting discovery, preparing and responding to motions for summary judgment, seeking post-judgment execution and discovery, responding to Defendant's appeal in the Eleventh Circuit, and seeking attorneys' fees and costs. (*Id.*)

Plaintiff may be awarded fees for time reasonably spent litigating its underlying claims, as well as time spent litigating entitlement to and the amount of attorneys' fees incurred. *Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 796 (11th Cir. 2013) (citing *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003)). Attorney Guarnieri notes potentially duplicative time entries in the form of his review of Attorney Gomez's work product, but argues that such time should not be excluded because the "use of a junior attorney to produce work product results in an overall cost savings." (Dkt. 92-1.) While courts must "closely scrutinize cases where more than one attorney is involved for possible duplication of effort," *Preson v. Mandeville*, 451 F. Supp. 617, 641 (S.D. Ala. 1978), there "is nothing inherently unreasonable about a client having multiple attorneys, and they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman*, 835 F.3d at 1302. Here, although there is some

---

Attorney Guarnieri, timekeeper "13" refers to Attorney Gomez, and timekeeper "24" refers to the paralegal, as the hours claimed by Plaintiff for each member of its legal team approximate the number of hours for those numbered timekeepers in the billing records. For example, based on the billing records, there are 235.7 hours billed to timekeeper "10" (as compared to 231.2 claimed hours for Attorney Guarnieri), and there are 42.7 hours billed to timekeeper "13" (as compared to 47.2 claimed hours for Attorney Gomez). *See* (Dkt. 92-1.)

overlap, it appears that Attorney Guarnieri and Attorney Gomez are each being compensated for their distinct contributions. Thus, upon consideration of Plaintiff's evidence, the court's expertise, and the lack of objection from Defendant, the undersigned finds that the number of hours expended on this litigation as claimed by Plaintiff are reasonable.[3]

Based on the foregoing, the undersigned calculates the lodestar as follows:

| **Counsel** | **Rate** | **Hours Expended** | **Total Fees** |
| --- | --- | --- | --- |
| Daniel Guarnieri | $450 | 231.2 | $104,040.00 |
| Conrado Gomez | $275 | 47.2 | $12,980.00 |
| Paralegal | $125 | 1.0 | $125.00 |
| **Total** |  | 279.4 | $117,145.00 |

c. **Adjustments to the Lodestar**

After determining the lodestar amount, "[t]he court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors, including the degree of plaintiff's success in the suit." *Ass'n of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006). An adjustment may be proper to compensate for all hours reasonably expended if the result was excellent or to reduce the lodestar if the result was partial or limited success. *Norman*, 836 F.2d at 1302. In

---

[3] Plaintiff does not address the discrepancies between hours claimed in the Motion (231.2 and 47.2 for Attorney Guarnieri and Attorney Gomez, respectively) and the hours reflected on Plaintiff's billing statements (235.7 and 42.7 billed by Attorney Guarnieri as timekeeper "10" and Attorney Gomez as timekeeper "13", respectively). However, because the hours claimed in the Motion result in a lower overall fee award for Plaintiff, the court will accept Plaintiff's representations in the Motion as to the hours reasonably spent by each of its attorneys.

*Hensley v. Eckerhart*, the Supreme Court explained that the "most critical factor" in determining a fee award is "the degree of success obtained." 461 U.S. at 436. This evaluation requires the court to consider the extent to which the party prevailed on unrelated claims or achieved a level of success in the ligation to support the fees requested. *Id.* at 434; *see Ass'n of Disabled Ams.*, 469 F.3d at 1359; *Norman*, 836 F.2d at 1302; *De Armas v. Miabraz, LLC*, No. 12-20063-civ, 2013 WL 4455699, at *6 (S.D. Fla. Aug. 16, 2013). Upon consideration, no adjustment to the lodestar is recommended as Plaintiff prevailed in this action and received summary judgment against Defendant. (Dkt. 57.) Thus, the undersigned recommends that Plaintiff is entitled to attorneys' fees in the amount of $117,145.

### 2. Costs

Plaintiff also seeks to recover costs in the amount of $1,082.05. (Dkt. 92 at 2.) As a prevailing party, Plaintiff "is entitled to reimbursement of costs enumerated in 28 U.S.C. § 1920." *Ottaviano v. Nautilus Ins. Co.*, 717 F. Supp. 2d 1259, 1275 (M.D. Fla. 2010) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Among those costs allowed by Section 1920, the court may tax as costs "[f]ees of the clerk or marshal" and "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. 1920. Here, Plaintiff seeks $424.35 for the clerk's filing fee for this action originally in state court, $125.00 for the appearance fee for the court reporter at Defendant's corporate representative's deposition, and $532.70 for the transcript of that deposition. (Dkt. 92 at 2.) Plaintiff's bill of costs provides supporting documentation for each requested cost and a declaration from

Plaintiff's counsel that the costs were necessarily incurred in this action. (Dkt. 88.) In the absence of any objection from Defendant, the undersigned finds that the requested costs are permitted by 28 U.S.C. § 1920 and recommends that Plaintiff is entitled to recover its costs in the amount of $1,082.05. *See Maloy v. Scottsdale Ins. Co.*, 376 F. Supp. 3d 1249, 1257 (M.D. Fla. 2019) (finding state court filing fee a taxable cost pursuant to 28 U.S.C. § 1920); *Chittenden v. Hillsborough Cnty.*, No. 8:19-cv-1504-TPB-AAS, 2021 WL 4155329, at *3 (M.D. Fla. Aug. 12, 2021) ("Section 1920 does not specifically allow for certain deposition costs such as court reporter appearance fees. However, courts in this district have permitted recovery of court reporter fees."), *report and recommendation adopted,* No. 8:19-cv-1504-TPB-AAS, 2021 WL 4148262 (M.D. Fla. Sept. 13, 2021).

## CONCLUSION

In sum, the undersigned finds that the requested hourly rates for Plaintiff's legal counsel are reasonable and the hours expended by Plaintiff's legal counsel were reasonably spent on this case and this Motion. The undersigned therefore recommends that Plaintiff be awarded $117,145.00 in attorneys' fees and $1,082.50 in costs.

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Second Supplemental Motion on Amount of Attorneys' Fees and Expenses (Dkt. 92) be **GRANTED**.

2. Plaintiff be awarded reasonable attorneys' fees in the amount of $117,145.00 and costs in the amount of $1,082.50.

**IT IS SO REPORTED** in Tampa, Florida, on November 8, 2022.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has 14 days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Thomas P. Barber
Counsel of Record